COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
TRAVIS E. DOWNS III (148274)
ELLEN GUSIKOFF STEWART (144892)
BENNY C. GOODMAN III (211302)
MARY LYNNE CALKINS (212171)
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)
travisd@csgrr.com
elleng@csgrr.com
bgoodman@csgrr.com
mcalkins@csgrr.com
  – and –
SHAWN A. WILLIAMS (213113)
AELISH M. BAIG (201279)
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@csgrr.com
abaig@csgrr.com

SCHIFFRIN BARROWAY TOPAZ
  & KESSLER LLP
ERIC L. ZAGAR
ROBIN WINCHESTER
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610/667-7706
610/667-7056 (fax)
ezagar@sbtklaw.com
rwinchester@sbtklaw.com

Lead Counsel for Plaintiffs

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re THE CHEESECAKE FACTORY INCORPORATED DERIVATIVE LITIGATION<br><br>This Document Relates To:<br><br>   2:06-cv-06486 ABC-MAN<br>   8:06-cv-00917 ABC-MAN | Master File No.<br>  CV-06-06234-ABC(MANx)<br><br>ORDER AND FINAL JUDGMENT<br><br>DATE:    April 14, 2008<br>TIME:    10:00 a.m.<br>COURTROOM:   The Honorable<br>    Audrey B. Collins |

A hearing having been held before this Court on April 14, 2008, upon the Stipulation of Settlement entered into by the parties, dated as of February 11, 2008 (the "Stipulation"), providing for the settlement of the above-captioned consolidated action (the "Federal Action") and the consolidated action in Los Angeles Superior Court identified by Lead Case No. BC355953 (the "State Action") (collectively, the "Actions"), and which is incorporated herein by reference; it appearing that due notice of said hearing has been given in accordance with the Scheduling Order; the respective parties having appeared by their attorneys of record; the Court having heard and considered evidence in support of the proposed settlement and dismissal with prejudice of the Actions upon the terms and conditions set forth in the Stipulation; the attorneys for the respective parties having been heard; an opportunity to be heard having been given to all other persons requesting to be heard in accordance with the Scheduling Order; the Court having determined that notice to the Company's stockholders was adequate and sufficient; and the entire matter of the proposed Settlement having been heard and considered by the Court;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**, this 14 day of April, 2008, that:

1. Unless otherwise defined herein, all defined terms shall have the meaning set forth in the Stipulation.

2. The Notice of Settlement of Derivative Actions (the "Notice") informing the Company's stockholders of the parties' settlement has been published in *Investor's Business Daily* pursuant to and in the manner directed by the Scheduling Order approving publication of the Notice of Settlement of Derivative Actions, and full opportunity to be heard has been offered to all parties and persons in interest. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Federal Rule of Civil Procedure 23.1 and due process, and

it is further determined that The Cheesecake Factory, Plaintiffs and all of The Cheesecake Factory's stockholders are bound by this Order and Final Judgment.

3. The Stipulation is found to be fair, reasonable and in the best interests of The Cheesecake Factory and its stockholders and is hereby approved pursuant to Federal Rule of Civil Procedure 23.1. The parties to the Stipulation are hereby authorized and directed to comply with and to consummate the settlement in accordance with its terms and provisions, and the Clerk of Court is directed to enter and docket this Order and Final Judgment.

4. The Plaintiffs in the State Action shall be granted leave to intervene for purposes of joining as a party to the Stipulation.

5. This Order and Final Judgment shall not constitute any evidence of or admission by any party herein that any acts of wrongdoing have been committed by any of the parties to the Actions and shall not be deemed to create any inference that there is any liability therefore.

6. Upon entry of this Order and Final Judgment, the Federal Action is hereby dismissed with prejudice as to the Individual Defendants and nominal defendant The Cheesecake Factory on the merits and, except as explicitly provided in the Stipulation, without costs.

7. Upon entry of this Order and Final Judgment, all claims, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, fees, expenses, costs, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, that have been, could have been, or in the future can or might be asserted in the Actions or in any court, tribunal or proceeding (including, but not limited to, any claims arising under federal or state statutory or common law relating to alleged fraud, breach of any duty, negligence, violations of the federal securities laws or otherwise), by or on behalf of Plaintiffs, derivatively or in their status as stockholders of The Cheesecake Factory, by any past or present

stockholder of The Cheesecake Factory (derivatively or in their status as stockholders of the Company), by The Cheesecake Factory, or by their or its predecessors, successors or assigns (or any person claiming by, through, in the right of, or on behalf of himself, herself, it or The Cheesecake Factory by assignment or otherwise, except to the extent claims against insurance carriers and subrogation rights are specifically reserved herein), whether legal, equitable or any other type, which have arisen, arise now or hereafter arise out of, or relate in any manner to, the allegations, facts, events, practices, conduct, transactions, matters, acts, occurrences, statements, representations, misrepresentations or omissions, or any fees, expenses or costs incurred in prosecuting, defending or settling the Actions, or any other matter, thing or cause whatsoever, or any series thereof, embraced, involved or set forth in, or referred to or otherwise related, directly or indirectly, in any way to, the Actions or the subject matter of the Actions, and including, without limitation, any claims in any way related to (i) the settlement and the Stipulation, (ii) the fiduciary obligations of the Individual Defendants or any other Released Persons relating to or in connection with the allegations made in the complaints in the Actions or the investigation of such allegations, (iii) any disclosures or alleged misrepresentations or omissions that were made or allegedly not made by any of the Released Persons regarding the subject matter of the Actions, (iv) the Stipulation or any other matters described or alleged in the Stipulation, including, without limitation, (1) all stock option grants made by The Cheesecake Factory, (2) all stock options issued pursuant to such grants, (3) all shares issued upon the exercise of said stock options, (4) the stock option granting practices of The Cheesecake Factory, (5) the actions of the Special Litigation Committee, and (6) any and all disclosures made in connection with any of the foregoing (collectively, the "Released Claims") are hereby completely, fully, finally and forever compromised, settled, released, discharged, extinguished and dismissed with prejudice; provided, however, that the Released Claims shall not include the right to enforce the terms of the Stipulation.

1   8.   Upon entry of this Order and Final Judgment, all claims, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, fees, expenses, costs, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, matured or not matured, that have been, could have been, or in the future can or might be asserted by the Released Persons against the Plaintiffs in the Actions and their counsel arising out of the institution, prosecution, assertion, settlement or resolution of the Actions and the Released Claims are hereby completely, fully, finally and forever compromised, settled, released, discharged, extinguished and dismissed with prejudice; provided, however, that the release granted in this paragraph shall not release the right to enforce the terms of the Stipulation.

9.   The releases set forth herein extend to claims that the Releasing Parties do not know or suspect to exist at the time of the release, which if known, might have affected the Releasing Parties' decision to enter into the release; the Releasing Parties shall be deemed to relinquish, to the extent applicable and to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code; and the Releasing Parties shall be deemed to waive any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, federal law or principle of common law, which is similar, comparable or equivalent to California Civil Code Section 1542.

10.   Upon entry of this Order and Final Judgment, Plaintiffs, the Company's past and present stockholders, the Company and anyone claiming through or for the benefit of any of them, are hereby permanently enjoined from asserting, commencing, prosecuting, assisting, instigating or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claims.

11.   Notwithstanding any other provision of this Order and Final Judgment to the contrary, nothing in this Order and Final Judgment shall be construed to (i)

1  release, discharge, extinguish or otherwise compromise any claims or potential claims
2  that The Cheesecake Factory or any person who is or was a defendant in the Action or
3  the State Action may have under or relating to any policy of liability or other
4  insurance, or (ii) release any insurer, co-insurer or reinsurer from any obligation owed
5  to The Cheesecake Factory or any person who is or was a defendant in the Action or
6  the State Action for indemnity or coverage under or relating to any policy of liability
7  or other insurance.

8      12.    Notwithstanding any other provision of this Order and Final Judgment to
9  the contrary, nothing in this Order and Final Judgment shall be construed to release,
10 discharge, extinguish or otherwise compromise any claims or potential claims for
11 subrogation that any insurance carrier may have as to any third party, including, but
12 not limited to attorneys, financial or investment advisors, advisors, consultants,
13 auditors, accountants, investment bankers, commercial bankers, trustees, engineers,
14 agents, insurers, co-insurers and reinsurers not otherwise named in the Action or State
15 Action and not otherwise released herein, to the extent of any prior or future payments
16 under any policy of insurance which have arisen, arise now or hereafter arise out of, or
17 relating in any manner to, the allegations, facts, events, practices, conduct,
18 transactions, matters, acts, occurrences, statements, representations,
19 misrepresentations or omissions, or any fees, expenses or costs incurred in
20 prosecuting, defending or settling the Action and State Action, or any other matter,
21 thing or cause whatsoever, or any series thereof, embraced, involved or set forth in, or
22 referred to or otherwise related, directly or indirectly, in any way to, the Action or the
23 State Action or the subject matter of the Action or State Action, and including,
24 without limitation, any claims in any way related to (i) the Settlement and the
25 Stipulation, (ii) the fiduciary obligations of the Individual Defendants or any other
26 Released Persons relating to or in connection with the allegations made in the
27 complaints in the Action and State Action or the investigation of such allegations, (iii)
28 any disclosures or alleged misrepresentations or omissions that were made or

allegedly not made by any of the Released Persons regarding the subject matter of the Action or State Action, (iv) the Stipulation or any other matters described or alleged in the Stipulation, including, without limitation, (1) all stock option grants made by the Company, (2) all stock options issued pursuant to such grants, (3) all shares issued upon the exercise of said stock options, (4) the stock option granting practices of the Company, (5) the actions of the Special Litigation Committee, and (6) any and all disclosures made in connection with any of the foregoing.

13.  As agreed to by the parties in the Stipulation, within five (5) business days from this Judgment being Final, Plaintiffs' counsel in the State Action shall file a Stipulation for Dismissal, with prejudice, of the State Action to be signed by all parties to that action ("State Court Stipulation for Dismissal").  The State Court Stipulation for Dismissal shall expressly provide that the Plaintiffs in the State Action have intervened in the Federal Action, have joined in the Stipulation, agreed to be bound by the Order and Final Judgment of this Court, and based thereon are dismissing the State Action.

14.  The Court finds that the Actions were filed in good faith and that the parties and their counsel at all times complied with Federal Rule of Civil Procedure 11 and other similar state laws during the course of the Actions.

15.  Counsel for the Plaintiffs in the Actions are awarded attorneys' fees and expenses (including costs and disbursements) in the total amount of Two Million One Hundred Thousand Dollars ($2,100,000.00), which sum the Court finds to be fair and reasonable, and which shall be paid by The Cheesecake Factory to Plaintiffs' Settlement Counsel (as defined in the Stipulation), within five (5) business days after the entry of this Order and Final Judgment by the Court in accordance with the Stipulation.

16.  If this Order and Final Judgment is not entered, then it shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in

connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17. The effectiveness of this Order and Final Judgment and the obligations of Plaintiffs, the Company and the Individual Defendants under the Stipulation and the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates solely to the issue of Plaintiffs' counsel's application for an award of attorneys' fees and expenses.

18. Without affecting the finality of this Order and Final Judgment in any way, this Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement.

IT IS SO ORDERED.

DATED: April 14, 2008

_____
THE HONORABLE AUDREY B. COLLINS
UNITED STATES DISTRICT JUDGE

Dated: February 11, 2008

IN WITNESS WHEREOF, the parties hereto, by and through their duly authorized attorneys, consent to the entrance of this Order and Final Judgment, as of the date set forth above.

**COUNSEL IN FEDERAL ACTIONS**

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
TRAVIS E. DOWNS III
ELLEN GUSIKOFF STEWART
BENNY C. GOODMAN III
MARY LYNNE CALKINS


     s/ Ellen Gusikoff Stewart
    ELLEN GUSIKOFF STEWART

655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SHAWN A. WILLIAMS
AELISH M. BAIG
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiffs in Consolidated Federal Actions and Counsel for Plaintiff Michael Freed

SCHIFFRIN BARROWAY TOPAZ
  & KESSLER LLP
ERIC L. ZAGAR
ROBIN WINCHESTER


     s/ Eric L. Zagar
    ERIC L. ZAGAR

280 King of Prussia Road
Radnor, PA 19087
Telephone: 610/667-7706
610/667-7056 (fax)

ROSMAN & GERMAIN LLP
DANIEL L. GERMAIN

      s/ Daniel L. Germain
      DANIEL L. GERMAIN

16311 Ventura Boulevard, Suite 1200
Encino, CA 91436-2152
Telephone: 818/788-0877
818/788-0885 (fax)

Co-Lead Counsel for Plaintiffs in Consolidated Federal Actions and Counsel for Plaintiffs Troy Siebels and Ralph Kuhns

IRELL & MANELLA LLP
CHARLES E. ELDER
KENNETH R. HEITZ
DAVID SIEGEL

      s/ Charles E. Elder
      CHARLES E. ELDER

1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone: 310/277-1010
310/203-7199 (fax)

Counsel for David Overton, Michael J. Dixon, Max S. Byfuglin, Peter J. D'Amelio, Cheryl M. Slomann, Debby R. Zurzolo, Thomas L. Gregory, Jerome I. Kransdorf, Karl L. Matthies, Michael Nahdunst, Linda Candioty, Wayne H. White, and The Cheesecake Factory, Inc.

ALSTON & BIRD, LLP
JOHN LATHAM

      s/ John Latham
      JOHN LATHAM

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: 404/881-7915
404/881-7913 (fax)

DIMITRI J. NIONAKIS
The Atlantic Building
950 F Street NW
Washington, DC  20004
Telephone: 202/756-3158
202/654-4948 (fax)

Counsel to Special Litigation
Committee of the Board of Directors of
The Cheesecake Factory Incorporated

BUCHALTER NEMER
MICHAEL L. WACHTELL
KEITH BISHOP

      s/ Michael L. Wachtell
     MICHAEL L. WACHTELL

1000 Wilshire Blvd., Suite 1500
Los Angeles, CA  90017
Telephone:  213/891-5460
213/630-5760 (fax)

Counsel for The Cheesecake Factory, Inc,

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
RICHARD MARMARO

      s/ Richard Marmaro
     RICHARD MARMARO

330 South Grand Avenue, Suite 3400
Los Angeles, CA  90071
Telephone:  213/687-5480
213/621-5480 (fax)

Counsel for Gerald Deitchle

**COUNSEL IN STATE ACTIONS**

SOLTAN & ASSOCIATES
VENUS SOLTAN


      s/ Venus Soltan
      VENUS SOLTAN

4220 Von Karman Avenue, 2nd Floor
Newport Beach, CA 92660
Telephone: 949/729-3100
949/729-1527 (fax)

BARRETT, JOHNSTON & PARSLEY
GEORGE E. BARRETT
DOUGLAS S. JOHNSTON, JR.
TIMOTHY L. MILES
LAUREL A. JOHNSTON


      s/ George E. Barrett
      GEORGE E. BARRETT

217 Second Avenue, North
Nashville, TN 37201-1601
Telephone: 615/244-2202
615/252-3798 (fax)

Counsel for Plaintiffs Seymour H. Sachs and John McGee

ROBBINS UMEDA & FINK, LLP
BRIAN J. ROBBINS
JEFFREY P. FINK
SHANE P. SANDERS


      s/ Brian J. Robbins
      BRIAN J. ROBBINS

610 West Ash Street, Suite 1800
San Diego, CA 92101
Telephone: 619/525-3990
619/525-3990 (fax)

Counsel for Plaintiffs Norman Rigotti and Gary Cullen

THE SHUMAN LAW FIRM
KIP B. SHUMAN


      s/ Kip B. Shuman
      KIP B. SHUMAN

801 East 17th Avenue  
Denver, CO  80218-1417  
Telephone:  303/861-3003  
303/830-6920 (fax)

Counsel for Plaintiff Gary Cullen

S:\Settlement\Cheesecake.set\ORD JUDGMENT 00050354.doc

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 7, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 7, 2008.

     s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail: elleng@csgrr.com